[Cite as *State v. Moody*, 2026-Ohio-2743.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 30693 |
|     Appellee | : |
| | :   Trial Court Case No. 2014 CR 03237 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| CURTIS ANTHONY MOODY | :   Court) |
| | : |
|     Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 17, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HANSEMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30693

CURTIS ANTHONY MOODY, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Appellant Curtis Anthony Moody appeals from the Montgomery County Common Pleas Court's order denying his January 22, 2025 petition for postconviction relief. For the following reasons, we affirm the judgment of the trial court.

## I.    Course of Proceedings

{¶ 2} In November 2015, Moody was convicted, after a jury trial, of two counts of murder (proximate result of felonious assault), two counts of felonious assault, and one count of having weapons while under disability.   Moody was sentenced to an aggregate prison term of 21 years to life.   Moody appealed.   We overruled his six assignments of error and affirmed his convictions.   *State v. Moody*, 2016-Ohio-8366 (2d Dist.).

{¶ 3} On January 18, 2017, Moody filed his first petition for postconviction relief, arguing that his trial counsel provided ineffective assistance because he did not investigate alibi witnesses that would have proved Moody's innocence.   The trial court denied the petition, finding it untimely and concluding that Moody had not made the showings necessary to overcome the untimeliness.   Moody appealed.   We affirmed the trial court's judgment because Moody had failed to establish that he had been unavoidably prevented from timely filing his petition and had failed to show by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty.   *State v. Moody*, 2018-Ohio-2561, ¶ 5-6 (2d Dist.).

2

**{¶ 4}** In 2021, Moody filed a motion for leave to file a motion for a new trial. In his motion, Moody argued that an autopsy diagram of the chief medical coroner's examination report had been forged or falsified. He contended that his trial counsel had performed deficiently by failing to fully investigate the facts and circumstances surrounding the autopsy reports. The trial court denied the motion for leave. *State v. Moody*, 2024-Ohio-864, ¶ 5 (2d Dist.). Moody sought a delayed appeal of the trial court's decision, but we denied his request and dismissed the appeal. *Id.*

**{¶ 5}** On June 24, 2022, Moody filed a second petition for postconviction relief, claiming that his trial counsel had rendered ineffective assistance of counsel by failing to (1) impeach Moody's mother, (2) file a motion for a continuance, and (3) investigate further evidence. *Id.* at ¶ 6. The trial court concluded that Moody's petition was untimely and barred by res judicata. *Id.* at ¶ 7. On March 8, 2024, we affirmed the trial court's judgment on these same grounds. Regarding res judicata, we explained, "Moody's present claims were either raised in his prior appeal and overruled by this court, or could have been raised, but were not, when he filed his direct appeal and/or prior petition for postconviction relief." *Id.* at ¶ 17.

**{¶ 6}** On January 22, 2025, Moody filed a motion to vacate his sentence due to plain error "pursuant to Crim.R. 52(B)." According to Moody, his trial counsel's performance was deficient because he had failed to adequately investigate evidence identified in Dr. Lee Lehman's forensic pathologist reports and had failed to challenge the trial court's decision to allow Dr. Lehman to continue to testify beyond the scope of his written autopsy report. Moody attached to his motion a short excerpt from the November 2015 trial transcript, a purported copy of a September 2014 autopsy report signed by Dr. Lehman, a July 18, 2015

3

diagram labeled "Exhibit A" purportedly showing exit and entry wounds, and a September 8, 2014 toxicology lab report.

{¶ 7} On March 14, 2025, the trial court denied Moody's January 22, 2025 motion. The court explained that Moody's motion was barred by res judicata because he was "again alleging error surrounding the report, diagram, and testimony of Dr. Lehman that has already been addressed and rejected by this Court and the Second District Court of Appeals on more than one occasion." On November 25, 2025, Moody filed an appeal from the trial court's judgment.

## II. Jurisdictional Issue

{¶ 8} Before we resolve Moody's assignment of error, we must consider whether we have jurisdiction over this appeal, because the notice of appeal was not filed within 30 days of the trial court's final entry as required by App.R. 4(A)(1). To vest jurisdiction in an appellate court, a party must file a timely notice of appeal. *State v. Bray*, 2017-Ohio-118, ¶ 9 (2d Dist.). We may raise jurisdictional issues on our own motion, because subject-matter jurisdiction "'may not be waived or bestowed upon a court by the parties to the case.'" *Care Risk Retention Group v. Martin*, 2010-Ohio-6091, ¶ 97 (2d Dist.), quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 1997-Ohio-366, ¶ 6.

{¶ 9} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 1994-Ohio-111, ¶ 60, citing *State v. Crowder*, 60 Ohio St.3d 151 (1991). Consequently, courts have held that "App.R. 4(A)(1) and (3) control appeals from the denial of a postconviction relief petition." *State v. Brisco*, 2020-Ohio-4582, ¶ 11 (10th Dist.). As noted, under App.R. 4(A)(1), notices of appeal must be filed within 30 days after a final entry is filed.

4

{¶ 10} In civil cases, "if the clerk has not completed service of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3). Thus, "'the filing of a notice of appeal from the denial of a petition for post-conviction relief under R.C. 2953.21 must be made within 30 days of the entry of judgment where there is compliance with Civ.R. 58(B), or within 30 days of notice of the judgment and its entry if service is not made within the three day period of Civ.R. 58(B).'" *Brisco* at ¶ 13, quoting *State v. Williams*, 2006-Ohio-842, ¶ 6 (10th Dist.).

{¶ 11} Civ.R. 58(B) contains certain requirements, including that the court shall endorse on its judgment a direction to the clerk to serve upon all parties notice of the judgment and its date of entry upon the journal. "Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket." Civ.R. 58(B). The rule further states, "Upon serving the notice and notation of the service in the appearance docket, the service is complete."

{¶ 12} In the case before us, the trial court did not make the required endorsement on the judgment entry, and the clerk did not make a notation in the appearance docket concerning the fact that it had served the required notice. In this regard, we note that there is no such notation in the docket sheet the clerk transmitted to us, nor is there any such notation in the clerk's online docket. As a result, although Moody's notice of appeal was not filed within 30 days of the March 14, 2025 judgment, Moody's appeal of the trial court's decision was timely. Therefore, we have jurisdiction to address Moody's assignment of error.

5

III. **The Trial Court Did Not Abuse Its Discretion by Denying Moody's Successive Petition for Postconviction Relief**

{¶ 13} Moody's assignment of error states:

DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10, AND 16, OF THE OHIO CONSTITUTION.

{¶ 14} Although styled a motion under Crim.R. 52, Moody's January 22, 2025 filing at issue in this appeal is a petition for postconviction relief under R.C. 2953.21. Generally, we review trial court's decisions granting or denying petitions for postconviction relief under an abuse-of-discretion standard. *State v. Perkins*, 2011-Ohio-5070, ¶ 16 (2d Dist.), citing *State v. Gondor*, 2006-Ohio-6679, ¶ 45. However, whether the trial court possessed subject-matter jurisdiction to entertain a petition for postconviction relief is a question of law subject to de novo review. *State v. Bethel*, 2022-Ohio-783, ¶ 20, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 15} Pursuant to R.C. 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Moody's January 22, 2025 petition is a successive petition for postconviction relief. R.C. 2953.23(A) precludes trial courts from entertaining successive petitions for postconviction relief unless one of the exceptions in the statute applies. The only possible exception that could apply in this matter is set forth in R.C. 2953.23(A)(1). That provision requires the petitioner to

6

establish that he was either: (1) unavoidably prevented from discovering the facts upon which he relies to present his claim; or (2) subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty." *State v. DeVaughns*, 2017-Ohio-475, ¶ 26 (2d Dist.), citing R.C. 2953.23(A)(1)(b).

{¶ 16} Moody's petition for postconviction relief did not establish that either exception in R.C. 2953.23(A)(1)(a) applied. First, Moody did not demonstrate that he was unavoidably prevented from discovering the facts upon which his postconviction claims depended. Second, he did not allege that the United States Supreme Court had recognized a new federal or state right that applied retroactively to his situation.

{¶ 17} Moody "bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies." *State v. Johnson*, 2024-Ohio-134, ¶ 18. "A petitioner may make the required showing either by establishing a violation under *Brady* [*v. Maryland*], 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 [(1963)], or by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence." *Id.*

{¶ 18} In this case, Moody's successive petition for postconviction relief did not demonstrate that he was previously unaware of the evidence on which the petition relied and could not have discovered it by exercising reasonable diligence. Instead, Moody simply attached to his petition a copy of a short excerpt from the November 2015 trial transcript, a copy of a September 2014 autopsy report signed by Dr. Lehman, a copy of a

7

July 18, 2015 diagram labeled "Exhibit A" purportedly showing exit and entry wounds, and a copy of a September 8, 2014 toxicology lab report. All this evidence is dated prior to his trial date. Moody did not explain in his January 22, 2025 petition how he was unavoidably prevented from discovering the facts upon which his petition was based. And Moody failed to attach any affidavits or evidence to his petition explaining why he was unavoidably prevented from discovering the facts that he relied on in his petition.

{¶ 19} Moody also did not establish a *Brady* violation. To do so, Moody was required to establish that the State suppressed the evidence on which he relied. While Moody alleged in his petition that the State deviated from Crim.R. 16(K) by failing to disclose Dr. Lehman's expert report, Moody did not attach an affidavit from him or his trial counsel establishing that they did not timely receive any evidence through the discovery process. Further, Moody did not submit any affidavits or other evidence establishing that the State had possessed alleged *Brady* material prior to Moody's trial. Therefore, Moody did not establish a *Brady* violation, and the trial court lacked subject-matter jurisdiction to entertain his successive petition for postconviction relief.

{¶ 20} Finally, Moody's petition was also barred by res judicata. "The doctrine of res judicata can also apply to bar successive petitions for post-conviction relief." *State v. Weber*, 2020-Ohio-4851, ¶ 14 (2d Dist.), citing *State v. Finfrock*, 1998 WL 726478, *5 (2d Dist. Oct. 16, 1998). Indeed, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *Steffen*, 1994-Ohio-111, at ¶ 60, citing *State v. Duling*, 21 Ohio St.2d 13 (1970), and *State v. Perry*, 10 Ohio St.2d 175 (1967). Under the doctrine of res judicata, "'[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous

action.'"  *State ex rel. O'Malley v. Russo*, 2019-Ohio-1698, ¶ 27, quoting *Grava v. Parkman Twp.*, 1995-Ohio-331, syllabus.   "'Accordingly, if the claims brought in a second petition for post-conviction relief are ones that were or could have been brought in an earlier petition for post-conviction relief, a trial court does not abuse its discretion in denying the second petition for post-conviction relief on the basis of res judicata.'"   *Weber* at ¶ 15, quoting *Finfrock* at *5.

**{¶ 21}** The arguments raised by Moody in his January 22, 2025 petition for postconviction relief were or could have been raised in his two prior petitions for postconviction relief and his 2021 motion for leave to file a motion for a new trial.   Therefore, the arguments raised in Moody's January 22, 2025 petition were barred by res judicata.

**{¶ 22}** The trial court did not abuse its discretion by denying Moody's successive petition for postconviction relief.   Moody's assignment of error is overruled.

## IV.    Conclusion

**{¶ 23}** Having overruled the assignment of error, we affirm the judgment of the trial court.

. . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.